HANSER, Respondent, v. METROPOLITAN SEWERAGE DISTRICT OF THE COUNTY OF MILWAUKEE, Appellant.

*No. 236. Argued September 15, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 161.)

430

For the appellant there were briefs by *Schroeder, Gedlen, Riester & Moerke* and *Ewald L. Moerke, Jr.,* and *Lewis A. Posekany, Jr.,* all of Milwaukee, and oral argument by *Ewald L. Moerke, Jr.*

For the respondent there was a brief and oral argument by *Clyde M. Paust* of Milwaukee.

CONNOR T. HANSEN, J.   Respondent is the owner of a parcel of land located in the city of Milwaukee and used

in connection with the operation of a soap factory. The parcel is bordered on the south by West Hampton Avenue. North 31st Street once bordered respondent's land on the west; however the street had been previously vacated by the city of Milwaukee in this particular area.

A part of the respondent's land in the area of what had once been North 31st Street was condemned by the appellant to increase the storm drainage capacity of Lincoln Creek. After the project had begun, an existing sanitary sewer was discovered on the parcel acquired and appellant found it necessary to remove this sewer. A lateral sewer and grease catch basin had been connected to this sewer main and was used by respondent.

The circuit court for Milwaukee county ordered the respondent to disconnect this lateral sewer from the sewer main on the parcel acquired by the appellant and to connect to an existing sewer located under West Hampton Avenue. The respondent did so, and claimed the cost of relocating the lateral sewer as a compensable item of damages in the condemnation proceeding. His claim was denied by the appellant.

On appeal to the circuit court, it was held that respondent was entitled to the cost of relocation for work done on his own property in the amount of $5,465.20, but not entitled to costs for relocation for work done under West Hampton Avenue in connecting the lateral with the main, in the amount of $1,821.74. Judgment was entered accordingly.

The issue presented is whether the cost of installing the new lateral sewer is a compensable item of damages, or whether such expense should be considered a consequence of a valid exercise of police power for which no compensation is required.

We would emphasize that the usual issues in condemnation cases involving the measure of damages based upon the difference between the fair market value immediately before the taking and the fair market value of the remainder immediately thereafter, are not before us

in this case. The stipulation of facts contains no information or statements on this issue. The issue on appeal, by the stipulation of facts, is restricted solely to the question of whether the cost of relocating the lateral sewer is a compensable item of damages. The actual relocation cost, although divided between cost incurred on respondent's property and cost incurred in running the sewer under West Hampton Avenue, is not in dispute.

The property on which respondent's sewer connection was located was condemned by appellant pursuant to sec. 59.96 (6) (a) and (j), and ch. 32, Stats. The appellant is given broad authority over the city's sewer and drainage systems under secs 59.96 (6) (a) and 62.18.[1]

The appellant contends that the removal of the municipal sewer was a valid exercise of its police power. We agree that it was. However, it is clear that not all exercises of the police power may go uncompensated.

". . . The damage done by the exercise of the police power must be incidental, which is normally the case. However, the nature and extent of the damage flowing from the act of the government may, in a given case,

[1] "59.96 **Metropolitan sewerage commission.** . . .

"(6) POWERS AND DUTIES. (a) The metropolitan sewerage commission shall project, plan and construct in such county outside of the city limits of such city of the first class but within the metropolitan sewerage district, main sewers, pumping and temporary disposal works for the collection and transmission of house, industrial and other sanitary sewage to and into the intercepting sewerage system of such district, and may improve any watercourse within the district by deepening and widening or otherwise changing the same where in the judgment of the commission it may be necessary in order to carry off surface or drainage water, . . ."

"62.18 **Sewers.** (1) CITIES MAY CONSTRUCT. Cities shall have power to construct systems of sewerage, including a sewage disposal plant and all other appurtenances thereto, to make additions, alterations and repairs to such systems and plants, and when necessary abandon any existing system and build a new system, and to provide for the payment of the same by the city, by sewerage districts or by abutting property owners or by any combination of these methods. . . ."

render the act a taking of private property. There is a limit to the extent to which the state may restrict the use of property or damage property under the police power. What amounts to deprivation of property without due process of law is often difficult to determine, and the determination largely depends upon the nature of the particular case." *State v. Herwig* (1962), 17 Wis. 2d 442, 447, 117 N. W. 2d 335.[2]

In the instant case, it is the consequences of the removal of the sewer main used by this particular property owner that produces this litigation. Prior to the action of the appellant which resulted in the removal of the sewer main, the respondent had a lateral sewer on his own property which adequately served the needs of his soap factory. After the action of the appellant, the respondent had no usable sewer lateral connection. Respondent's once adequate sewer lateral was rendered useless. In order for him to have sewer facilities, it was necessary for respondent to install a new lateral running to West Hampton Avenue.

Nevertheless, appellant urges that because it discontinued the old sewer main under a valid exercise of its police powers, and because respondent had access to another sewer main on West Hampton Avenue, the cost of installing a new lateral is not a compensable item of damages. We do not agree, and consider such a position to represent an unreasonable exercise of the appellant's police powers. We do not consider the cost of replacement of the lateral sewer in this case to be "incidental damages" to the property as a result of reasonable exercise of governmental action.

In sec. 32.09, Stats., the legislature has declared rules governing determination of just compensation. These rules include a declaration that certain damages sustained incidental to a valid exercise of the police power may be compensated.

---

[2] *See: Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. 2d 363, 369, 124 N. W. 2d 319.

"32.09 **Rules governing determination of just compensation.** . . .

"  . . .

"(4) Where a depreciation in value of property results from an exercise of the police power, even though in conjunction with the taking by eminent domain, no compensation shall be paid for such depreciation except as expressly allowed in sub. (6) and s. 32.19.

"  . . .

"(6) In the case of a partial taking the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist:

"  . . .

"(e) Damages resulting from actual severance of land including damages resulting from severance of improvements or fixtures and proximity damage to improvements remaining on condemnee's land."

There is no statutory declaration regarding the right of access to the public sewer system. Sec. 32.09 (6) (b), Stats., does declare certain rights in regard to highway access and our attention has been directed to several cases which have been before this court which relate to various situations involving highway access rights.

We consider the elimination of respondent's sewer connection, which had the effect of rendering the existing lateral sewer useless, to be a "damage resulting from the severance of an improvement" within the meaning of sec. 32.09 (6) (e), Stats.,[3] and since we have heretofore determined it was of such consequence as not to be incidental to the taking under the exercise of appellant's police power, it is a compensable item of damage.

---

[3] *Ken-Crete Products Co. v. State Highway Comm.* (1964), 24 Wis. 2d 355, 359, 129 N. W. 2d 130.

Respondent, in the concluding paragraph in his brief, asserts "He should be entitled to be paid the $7,000.00 it cost to relocate the sewer to the center of Hampton Avenue." From our examination of the record, we do not find that the respondent has served and filed a notice of review or cross appeal as provided in sec. 274.12, Stats. Therefore, the issue is not properly before us. However, we conclude that the judgment entered by the trial court, which allowed the cost of installing the lateral sewer on the respondent's own property as a compensable item of damages, was entirely proper.

*By the Court.*—Judgment affirmed.